IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02248

**JULIE, SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**

    Plaintiff,

v.

**DUCKELS CONSTRUCTION, INC., a Colorado corporation; and FRED DUCKELS, an individual,**

    Defendants.

---

### DEFENDANT DUCKELS CONSTRUCTION, INC.'S UNOPPOSED MOTION TO RESTRICT

---

Defendant Duckels Construction, Inc. ("Duckels Construction"), by and through its undersigned counsel, and pursuant to Local Rule 7.2, respectfully requests that the Court place several sections of the hearing transcript from the September 7, 2023, hearing under restriction Level 1. This transcript includes defamatory comments about Derick Duckels and Duckels Construction employees not protected by any privilege and which, if disclosed, would likely cause both Duckels Construction and Derick Duckels serious harm. The parties have conferred on this Motion, and no party[1] opposes the restriction sought herein.

---

[1] Fred Duckels is now represented by counsel, who will be entering his appearance.

1

**BACKGROUND**

This case stems from the Secretary's efforts to enforce a 104(g)(1) order issued under Mine Safety and Health Act ("MSHA") regulations. The order prohibits Defendant Fred Duckels ("Mr. Duckels") from being on site at Defendant Duckels Construction's mine site until required MSHA safety training is completed and approved.

The Secretary sought a temporary restraining order against Mr. Duckels because of his repeated refusal to abide by the 104(g)(1) order requiring his withdrawal from the mine. After the 104(g)(1) order issued, Mr. Duckels continued to visit the mine site and operate heavy machinery, injuring a Duckels Construction employee. Mr. Duckels has also repeatedly stated he does not believe he needs safety training, resulting in the need for a temporary restraining order. Duckels Construction did not oppose the imposition of the restraining order.

Mr. Duckels represented himself at the hearing on the temporary restraining order. In testimony before the court, Mr. Duckels repeatedly referenced a conservatorship action filed by his son, Derick Duckels, in state court in Routt County, Colorado. Derick Duckels was appointed as Special Conservator for Mr. Duckels in matters related to Duckels Construction.

Mr. Duckels' statements at the temporary restraining order hearing contained numerous defamatory statements about his son and another Duckels Construction employee who Mr. Duckels views as supporting Derick Duckels. This Motion is the result of those statements.

**ARGUMENT**

Under D.C.Colo.LCivR 7.2(c), a motion to restrict must: (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only

2

restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

Each of the conditions is met here. First, Duckels Construction has identified the transcript by hearing and the specific statements it seeks to redact by line number are listed below:

- Hrg. Tr. 8:24-25, 9:1-4
- Hrg. Tr. 10:1-2
- Hrg. Tr. 10:3-4
- Hrg. Tr. 10:22-24

Second, the interests to protect outweighs the presumption of public access. The interest to be protected is Derick Duckels' interest in not being defamed by his father in an unrelated court proceeding. "[S]tatements made before or during a judicial proceeding are privileged so long as they are related to the proceeding, and claims sounding in defamation for such statements are barred." *Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, No. 21-1309, 2022 U.S. App. LEXIS 17023, 2022 WL 2223141, at *3 (10th Cir. June 21, 2022) (citation omitted).

Here, the statements made by Mr. Duckels have nothing to do with the Secretary's application for a temporary restraining order, a fact acknowledged by the Court at the hearing. ("But what you told me today has absolutely nothing to do with violating the federal law" Hrg. Tr. 15:9-10). These statements are therefore not protected by any privilege.

As for injury, the press has already taken interest in this case.[2] Allowing these unrelated and defamatory statements to be reviewed and published by reporters would cause direct and serious injury to a business already harmed by Mr. Duckels' conduct. In support of its Motion for Temporary Restraining Order, the Secretary submitted multiple affidavits describing Mr. Duckels'

---

[2] See *Law 360*, "Owner Barred from Colo. Mine After Refusing Safety Training" (September 7, 2023) accessible at https://www.law360.com/articles/1719207/owner-barred-from-colo-mine-after-refusing-safety-training.

campaign of fear against Duckels Construction employees as well as Derick Duckels' attempts to protect his father as well as those who work for him. To publish these statements would merely broadcast defamatory statements made about Derick Duckels.

Restriction is the only option to prevent publication and dissemination of these statements to the general public. *Law 360*'s article demonstrates public interest in the case. Restriction of the statements enumerated above would still permit the public access to important safety issues information about the operation of Duckels Construction while protecting Derick Duckels and Duckels Construction employees from defamatory statements that directly impact their reputations and livelihoods. Level 1 restriction would be most appropriate for this purpose.

WHEREFORE, for the foregoing reasons, Defendant Duckels Construction respectfully requests that the Court restrict access to the following transcript lines for the September 7, 2023 Hearing: 8:24-25, 9:1-4; 10:1-2; Tr. 10:3-4; and 10:22-24.

Respectfully submitted this 29th day of September, 2023.

                                                    SHERMAN & HOWARD L.L.C.

                                                   */s/ Patrick J. Miller*
                                                   Patrick J. Miller
                                                   675 Fifteenth Street, Suite 2300
                                                   Denver, CO 80202
                                                   Telephone:    (303) 299-8354
                                                   Fax:                (303) 298-0940
                                                   Email:            pmiller@shermanhoward.com
                                                   *Attorney for Defendant Duckels Construction, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify on the 29th day of September, 2023, that I electronically filed the foregoing document with the Clerk of Court using the PACER-CM/ECF system, which will send notification of such filing to the following PACER-CM/ECF registrant(s):

Seema Nanda
Solicitor of Labor

John Rainwater
Regional Solicitor

Lydia Tzagoloff
Associate Regional Solicitor

Karen E. Bobela
Counsel for Safety and Health

Jeffrey M. Leake
Trial Attorney

U.S. DEPARTMENT OF LABOR
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, Colorado 80204-3516
Telephone: (720) 264-6593
Email: leake.jeffrey.m@dol.gov
Facsimile: 303-844-1753

*Attorneys for Plaintiff*

Via E-mail:
Michael Peelish
Michael.Peelish@Steptoe-Johnson.com

David Little
David.Little@Steptoe-Johnson.com

Steptoe & Johnson PLLC
*Attorneys for Defendant Fred Duckels*

　　　　　　　　　　　　　　　　　　　　　*/s/ Susana Chavez*
　　　　　　　　　　　　　　　　　　　　　Susana Chavez, Practice Assistant

57671345.3